UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HANGZHOU EVERNEW MACHINERY & EQUIPMENT COMPANY LIMITED;<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA;<br><br>　　　　　Defendant. | Court No. 25-00151 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Hangzhou Evernew Machinery & Equipment Company Limited ("Evernew" or "Plaintiff"), by and through its undersigned counsel, Doyle, Barlow & Mazard PLLC, alleges and states the following:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1.   This Complaint is brought by Plaintiff to contest certain aspects of the final administrative review results issued by the International Trade Administration ("ITA") of the United States Department of Commerce ("Commerce" or "Defendant") in *Certain Metal Lockers and Parts Thereof From the People's Republic of China: Final Results and Final Rescission, in Part, of Countervailing Duty Administrative Review; 2022*, 90 Fed. Reg. 25,023 (Dep't of Commerce June 13, 2025) *("Final Determination")* and accompanying Issues and Dec. Mem. ("*Final Results*").

2.   In the challenged *Final Results*, Commerce improperly applied total adverse facts available ("AFA") to Evernew during the period of review ("POR").

1

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and Sections 516A(a)(2)(A)(ii) and 516A(a)(2)(B)(i) of the Tariff Act of 1930 ("Act"), as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(i). Plaintiff contests the Defendant's *Final Results* specifically as applied to Plaintiff.

## STANDING

4. Plaintiff is an exporter of subject merchandise of the subject merchandise that was the subject of the underlying review and therefore is an interested party within the meaning of 19 U.S.C.§§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(l). Plaintiff actively participated in the underlying ITA administrative review proceeding that is contested here through the submission of factual information and written arguments as a mandatory respondent and thus, is a "party to the proceeding" as defined in 19 C.F.R. § 351.102(b)(36). Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 28 U.S.C § 2631(c) and 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. Plaintiff commenced this action by filing a summons on July 14, 2025, which was within thirty days of publication of the *Final Determination* in the Federal Register.[1] 19 U.S C. § 1516a(a)(2)(A)(i)(I); *see Final Determination*, 90 Fed. Reg. 25,023 (June 13, 2025); Summons (July 14, 2025) ECF No. 1.

6. Pursuant to 28 U.S.C. § 2636(c), a complaint in a civil action brought under 28 U.S.C. § 1581(c) must be filed in accordance with Rule 3(a)(2) of the Rules of the U.S. Court

---

[1] Because the 30-day deadline to file the complaint fell on a weekend, the deadline moves to the next business day in accordance with Rule 6(a)(1)(C) of the Rules of the U.S. Court of International Trade.

of International Trade, requiring that a complaint be filed within thirty days of the summons. This complaint, therefore, is filed within 30 days of the filing of the Summons in this action and therefore is timely under the statutorily-prescribed time limits set forth pursuant to Section 516A(a)(2)(A) and Rule 3(a)(2) of this Court.

## STANDARD OF REVIEW

7.    This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. §1516a(a)(2) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. 1516a(b)(1)(B)(i).

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT ONE

8.    Paragraphs 1 through 7 are adopted and incorporated, herein, by reference.

9.    Commerce's determination that Evernew did not provide the requested information that was necessary to determine an accurate countervailing duty ("CVD") rate and significantly impeded this proceeding was improper and unsupported by substantial evidence on the record. *Final Results* at 9. Specifically, Commerce found that "Hangzhou Evernew did not respond to Commerce's requests for its audited financial statements, or for unaudited financial statements with notes." *Id*.

10.    This decision ignored substantial evidence on the record that Evernew submitted all the requested information from Commerce as accurately as possible by responding to every single questionnaire and request. It also misinterprets Evernew's business practices, history, nature of operations, and operating process. Commerce's assertion that Evernew provided inconsistent responses to Commerce's questions on the requirements for financial statements

based on accounting standards and tax return requirements in China as grounds for applying total AFA status is unsupported by substantial evidence and otherwise not in accordance with law. *Id*. at 10.

11. Such practices by Commerce are against its previous practices as well. In multiple circumstances, Commerce concluded that unaudited financial statements do not themselves challenge the credibility of all data nor warrant an AFA rate. Therefore, in contrast to its previous practices, Commerce's final AFA rate to Evernew is arbitrary, capricious and an abuse of discretion.

12. Moreover, Evernew did not impede the proceeding significantly. Neither Commerce nor the Petitioner requested an audited version or unaudited version with notes in any supplemental questionnaire. Therefore, Commerce's use of these arbitrary standards and its decision to apply total AFA is flawed significantly.

***

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiff respectfully requests that this Court:

1) Enter judgment in Plaintiff's favor;
2) hold that with respect to the issues raised in this Complaint, Commerce's *Final Results* and all related findings and conclusions were unsupported by substantial evidence on the record and otherwise not in accordance with law with respect to the claims advanced by Plaintiff in this Complaint;
3) remand the *Final Results* of the administrative review to the Commerce Department for redetermination with instructions to correct the errors set forth in this Complaint by taking

into account the correct requirements for financial statements based on accounting standards and tax return requirements in China that were filed by Evernew;

4) recalculate Plaintiff's CVD margin consistent with the Court's opinion; and,

5) provide such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Camelia C. Mazard
Camelia C. Mazard
Andre P. Barlow

*Counsel to Hangzhou Evernew Machinery & Equipment Company Limited*

Dated: August 13, 2025

Doyle, Barlow & Mazard PLLC
1825 K St. NW, Suite 950
Washington, DC 20006